UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURICE ZINIS,

    PLAINTIFF,
v.                                                                                          CASE NO. 08-11087

COMMISSIONER OF SOCIAL                                          HONORABLE SEAN F. COX
SECURITY,

    DEFENDANT.
_____/

## OPINION & ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Charles Binder on September 15, 2008. In the R&R, Magistrate Judge Binder recommends that Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted because, in light of the entire record in this case, substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. For the reasons that follow, the Court overrules the objections filed by Plaintiff and shall adopt the R&R in its entirety.

Plaintiff Laurice Zinis ("Plaintiff") brought this action under 42 U.S.C. §405(g) to challenge a final decision of the Social Security Commissioner that she was not entitled to disability insurance benefits. Thereafter, both parties filed dispositive motions. Defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. (Docket Entry No. 14). Plaintiff filed a motion for summary judgment or remand. (Docket Entry No. 9).

The motions were referred to Magistrate Judge Binder, pursuant to 28 U.S.C. §636(b)(1)(B) & (C), for issuance of an R&R. On September 15, 2008, Magistrate Judge Binder issued his R&R which recommends that Plaintiff's Motion for Summary Judgment be denied. It further recommends that Defendant's Motion for Summary Judgment be granted. (Docket Entry No. 17).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

The Sixth Circuit has held that overly general objections do not satisfy the objection requirement because objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

Plaintiff filed objections to the R& R on September 29, 2008. In her objections, Plaintiff asserts that the Magistrate Judge erred: 1) in finding that the ALJ's credibility finding was proper; 2) in finding that the ALJ properly evaluated Plaintiff's mental impairments; 3) finding that the ALJ properly considered Plaintiff's limitations in bending; and 4) when he found that the ALJ met his burden at step five. Notably, these are essentially the same issues that Plaintiff raised in her motion seeking summary judgment. (*See* Pl.'s Motion for Summary Judgment at 10)(raising the following issues: 1) the ALJ failed to properly assess Plaintiff's credibility; 2) the ALJ failed to properly evaluate Plaintiff's mental impairments; 3) the ALJ failed to include a

preclusion on bending; and 4) the ALJ failed to meet his burden at step five).

This Court finds that Plaintiff's objections are sufficient to preserve the issues for review. *See Prince v. Commissioner of Social Security,* 2008 WL 3843520 (E.D. Mich. 2008). The Court concludes, however, that Magistrate Judge Binder's R&R thoroughly discussed the administrative record in the matter, extensively analyzed the issues raised by the parties, accurately stated the governing law that applies to the issues, and reached the correct determination. The Court sees no useful purpose in repeating the facts and legal analysis contained in Magistrate Judge Binder's well-reasoned R&R.

Moreover, to the extent that Plaintiff's objections assert that Magistrate Judge Binder should have weighed the evidence differently, or that this Court should weigh the evidence differently, such objections are without merit.

The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

The Court agrees that substantial evidence exists in the record to support the

Commissioner's decision denying benefits.

Accordingly, the Court **ACCEPTS** and **ADOPTS** the September 15, 2008 R&R in its entirety**.  IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  February 4, 2009                    S/ Sean F. Cox
                                                                  Sean F. Cox
                                                                  United States District Court Judge

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 4, 2009.

                                                      s/Jennifer Hernandez
                                                      Case Manager to
                                                     District Judge Sean F. Cox